UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA MASON, | ) | CASE NO. 5:07CV3134 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| HAYES LEMMERZ | ) | |
| INTERNATIONAL COMMERCIAL | ) | |
| HIGHWAY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter came before the Court upon the failure of Plaintiff Gloria Mason ("Mason") to respond to the Court's Order of November 27, 2007, that Mason show good cause on or before December 3, 2007, why the Court should not dismiss this case for failure to prosecute.

"It is incumbent on litigants, even those proceeding pro se, to follow . . . rules of procedure." *Fields v. County of Lapeer*, No. 99-2191, 2000 U.S. App. LEXIS 29182, at *5 (6th Cir. Nov. 8, 2000). Rule 41(b) provides for the dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . .." Such a dismissal acts as an adjudication on the merits. *Id*. The Sixth Circuit has recognized that a Rule 41(b) dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Determining whether

dismissal is the appropriate sanction is a matter within the discretion of district courts. *Wright v. Coca-Cola Bottling Co.*, 41 Fed. Appx. 795, 795 (6th Cir. 2002). The Supreme Court of the United States has recognized that

> Neither the permissive language of the Rule – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Education*, 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the plaintiff that failure to cooperate could result in dismissal is particularly important to support the sanction. *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287, 288 (6th Cir. 1991).

The Court finds that Mason's failure to prosecute this action was a result of willfulness and fault, evidenced by the following:

(1) Mason failed to appear at the Case Management Conference[1];

(2) Mason failed to respond to Defendant's motion to dismiss within the 30 day time period established by Local Rule 7.1[2];

---
[1] See Nov. 26, 2007, Minutes of Proceeding.

(3) Mason unilaterally cancelled the Parties Planning Meeting, which was ordered by the Court to take place prior to the Case Management Conference pursuant to Fed. R. Civ. P. 26(c) and Local Rule 16.3(B)(3) (Doc. No. 4, 4)[3];

(4) Mason failed to submit her own report of matters that were to have been discussed at the Parties' Planning Meeting; and

(5) Mason was warned that dismissal of her case was a possibility unless, on or before December 3, 2007, she presented the Court with good cause as to why the case should not be dismissed. (Doc. No. 17.) As of January 10, 2008, the Court has received no response to the show cause order from Mason.[4]

Mason has exhibited a complete disregard for the rules established for orderly case management. She has caused a lawsuit to be filed, yet has since failed to comply with even the most basic and fundamental procedural rules. Defendant and Defendant's counsel from Cincinnati have been prejudiced by traveling to Akron for a Case Management Conference that could not properly proceed due to Mason's absence. Additionally, this Court has wasted valuable resources in attempting to properly administer this case and Plaintiff has repeatedly failed to comply with Court rules, orders and deadlines. The Court finds that sanctions short of dismissal would not cure Plaintiff's complete failure to comply with Court rules, orders and deadlines, which has resulted in

---

[2] Defendant's motion to dismiss was originally filed on October 12, 2007. The Court eventually converted the motion to dismiss to a motion for summary judgment on November 27, 2007, and set an appropriate briefing schedule on the motion for summary judgment. As of November 27, 2007, however, Mason had already failed to respond to the motion to dismiss within applicable 30 day time period.

[3] Additionally, although not the basis of this dismissal, the Court notes that Mason has conducted herself in a highly inappropriate manner by sending correspondence laced with obscenities, threats, and incendiary accusations to Defendant's counsel. (Doc. No. 20.) Mason is admonished for her conduct and warned that such communications are contemptible and will not be tolerated.

[4] Moreover, Mason has failed to respond to Defendant's Motion for Summary Judgment (Doc. No. 3). On November 27, 2007, when the Court converted the Motion to Dismiss to a Motion for Summary Judgment, it set a briefing schedule that allowed Mason to oppose the Motion by January 7, 2008. As of January 10, 2008, Mason has not filed an opposition.

her failure to properly prosecute this case. *See Moreno v. Medtronic Sofamor Danek*, No. 06-2165, 2007 U.S. Dist. LEXIS 52115 (W.D. Tenn. July 18, 2007) (applying the Sixth Circuit standard and dismissing a case where pro se plaintiff failed to respond to motion for summary judgment and failed to respond to show cause order); *Johnson v. Schnelz*, No. 04-74930, 2006 U.S. Dist. LEXIS 10202, at *10 (E.D. Mich. Feb. 24, 2006) (applying Sixth Circuit standard enumerated in prior order and dismissing case after pro se Plaintiff failed to respond to show cause order).

Accordingly, this case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 9, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**